## PEOPLE v. DAVISON.

1. APPEAL AND ERROR—CRIMINAL LAW—OBJECTIONS—MISCARRIAGE OF JUSTICE.

   An appellate court, upon presentation of the record of a criminal trial, scrutinizes the proceedings, focusing particularly on those matters raised by objection, but not closing its eyes to other matters which might result in a miscarriage of justice.

2. CRIMINAL LAW—DUE PROCESS—FAIR TRIAL—COUNSEL.

   The constitutional guarantee of a fair trial demands more than the mere presence of counsel throughout the proceedings.

3. SAME—EVIDENCE—APPEAL AND ERROR—OBJECTION.

   A trial judge should not admit evidence that is palpably inadmissible and irretrievably prejudicial to a defendant even though no objection is made, and if an appellate court observes the presence of such evidence, it may not let an unfair trial stand because no objection was made.

4. SAME—APPEAL AND ERROR—IMPROPER ADMISSION OF EVIDENCE—FAILURE TO OBJECT.

   A reviewing court will find reversible error in the admission of evidence not properly objected to at the trial only where the evidence is so erroneous as to reduce the trial to a sham or to result in an incurable or fatal prejudice to defendant.

5. SAME—EVIDENCE—INDECENT LIBERTIES—HEARSAY TESTIMONY—RES GESTAE.

   A voluntary complaint to another by a child of tender years is admissible as part of the *res gestae* of the crime of indecent liberties despite a lapse of time between the incident and the complaint if the delay is explained (CLS 1961, § 750.336).

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 549, 867.
[2] 21 Am Jur 2d, Criminal Law § 222.
[3, 4] 5 Am Jur 2d, Appeal and Error §§ 548, 549.
[5–9] 29 Am Jur 2d, Evidence §§ 719, 728; 33 Am Jur, Lewdness, Indecency, and Obscenity § 20.
[10, 11] 58 Am Jur, Witnesses § 557.

6. SAME—INDECENT LIBERTIES—HEARSAY TESTIMONY—CORROBORATION.

> Hearsay testimony of the details of a child's complaint of indecent liberties that is not admissible as part of the *res gestae* may be introduced only to corroborate the testimony of the complaining witness once it has been impeached (CLS 1961, § 750.336).

7. SAME—INDECENT LIBERTIES—HEARSAY TESTIMONY—RES GESTAE.

> Voluntary complaint of indecent liberties by a girl of 9 to her older sister 2 weeks after the incident *held,* admissible as part of the *res gestae* when the complainant explained the delay by testifying that the defendant threatened to "get her" if she told anyone of the incident (CLS 1961, § 750.336).

8. SAME—INDECENT LIBERTIES—HEARSAY TESTIMONY—RES GESTAE.

> Complaint by 9-year-old girl, elicited by her mother, of indecent liberties by defendant 4 months after the incident *held,* not part of the *res gestae* and therefore inadmissible except as corroboration of the testimony of the girl if her testimony is impeached (CLS 1961, § 750.336).

9. SAME—INDECENT LIBERTIES—HEARSAY TESTIMONY—IMPROPER ADMISSION.

> Testimony by a mother of the details of a complaint of indecent liberties to her by her daughter when the complaint was made to the mother 4 months after the incident complained of was hearsay testimony and therefore inadmissible, but where it was cumulative evidence and there was enough evidence without it to convict defendant in a trial without a jury its admission was not reversible error (CLS 1961, § 750.336).

10. SAME—EVIDENCE—QUESTIONING OF WITNESSES BY COURT.

> A trial judge may, in the interest of justice, question witnesses in the trial of a criminal case as long as he exercises circumspection and does not interject his personal views into the case.

11. SAME—EVIDENCE—QUESTIONING OF WITNESSES BY TRIAL COURT.

> Prefacing of questions to child witnesses by trial court in trial for indecent liberties as "after this happened" does not reflect a predetermined belief of guilt by the trial court but is only a means of making the questions easier for the child to understand (CLS 1961, § 750.336).

Appeal from Recorder's Court of Detroit, Maher (Richard M.), J., presiding.  Submitted Division 1

March 4, 1968 at Detroit.   (Docket No. 2,564.)   Decided July 24, 1968.

George Davison was convicted of taking indecent liberties with the person of a 9-year-old girl.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Norman L. Zemke,* for defendant on appeal.

T. G. Kavanagh, P. J.   Defendant was convicted in a non-jury proceeding of taking indecent liberties[1] with the person of a 9-year-old girl.   It is the unopposed admission of testimony by the victim's mother and sister which is argued most strongly on appeal.

Though it is said that evidence admitted without objection presents no error on appeal, no asserted error may ever be totally ignored.   An appellate court, upon presentation of the record, scrutinizes the proceedings, focusing particularly on those matters raised, but not closing its eyes to other matters which might result in a miscarriage of justice.[2]   A defendant has a constitutional guarantee of a fair trial, which right demands more than the mere presence of counsel throughout the proceedings.

To say that a judge must not interfere in a trial, but rather let the lawyers try the case, is not to absolve him from all responsibility.

---

[1] CLS 1961, § 750.336 (Stat Ann 1954 Rev § 28.568).
[2] See *People* v. *Paul F. Baker* (1967), 7 Mich App 471.

If evidence be offered that is palpably inadmissible and irretrievably prejudicial to a defendant a trial judge should not let it in, even though no objection be made. On review we have a similar duty, in that if we observe the presence of such evidence in the record we may not let an unfair trial stand because no objection was made. Ordinarily, only in those cases where the evidence is so erroneous as to reduce the trial to a sham (see *People* v. *Ibarra* [1963], 60 Cal 2d 460 [34 Cal Rptr 863; 386 P2d 487]), or to result in incurable and fatal prejudice to defendant (see *People* v. *Holmes* [1940], 292 Mich 212) will a reviewing Court find reversible error in the admission of evidence not properly objected to at the time of trial.

To answer defendant's main issue on appeal, that defense counsel was incompetent in failing to object, we must consider the admissibility of the unopposed evidence and, if deemed clearly inadmissible, assay the effect it had on the proceedings.

The mother and sister were permitted to testify concerning the details of the complaint which the child had made to them, sometime after the alleged incident. Various legal principles are advanced to test the competency of such testimony[3] but the authority is far from uniform throughout the states,[4] some holding such hearsay admissible through an exception to the rule, while others finding it wholly objectionable.

The Michigan cases reviewed supply no clear line to follow, but the court's position in the past suggests that a spontaneous, voluntary complaint to another by a child of tender years will be admis-

---

[3] 4 Wigmore on Evidence (3d ed), § 1134 *et seq.*

[4] 19 ALR2d 579, Annotation: Time element as affecting admissibility of statements by victim of sex crime as *res gestae.* 83 ALR2d 1361, Annotation: Declarant's age as affecting admissibility as *res gestae.*

sible as part of the *res gestae* despite the lapse of time between incident and complaint if the delay is explained.[5] The only other time that details of prosecutrix's complaint may be introduced is in corroboration of her testimony once impeached.

In the case before us, the child voluntarily complained to her older sister apparently within 2 weeks following the incident, her delay resulting from fear that defendant would "get her." Such fear explains the delay. In view of the age of the child, then, her conversation with her sister is generally admissible as part of the *res gestae*.

It was four months following the incident, however, when the mother was told of the deed, whereupon she directly questioned the child. The details then provided in the child's complaint were not spontaneous, and, therefore, not part of the *res gestae*. Unless there had been an attempt to impeach the child's previous statements; thereby allowing for corroborative evidence, the mother's testimony of the details was inadmissible.

No objection was made. The mother briefly repeated that which the child had already explained in great length. The trial judge sitting without a jury was able to rely on evidence properly offered while ignoring that which, though unopposed, was inadmissible. After a careful thorough review of the record we find that the inadmissible evidence was cumulative; we hold it resulted in no gross unfairness to defendant, and the absence of it would not have affected the outcome of the case.

In view of this, it cannot be said that the unopposed admission of this evidence so prejudiced defendant as to have deprived him of intelligent representation.

---

[5] See *People* v. *Dickinson* (1966), 2 Mich App 646.

"Absence of effective representation by counsel must be strictly construed. It must mean representation so lacking in competence that it becomes the duty of the court or the prosecution to observe it and correct it  *  *  *  [as in] cases where the circumstances surrounding the trial shocked the conscience of the court and made the proceedings a farce and a mockery of justice." *Diggs* v. *Welch* (CA DC, 1945), 80 DC App 5 (148 F2d 667, 670).

In addition, we find no abuse of discretion nor interjection of personal views on the part of the trial court in questioning certain witnesses so as to clarify points and elicit additional facts. See *People* v. *Fedderson* (1950), 327 Mich 213. Prefacing questions with phrases as "before this happened" and "after this happened" does not reflect a predetermined belief of guilt by the court, as defendant suggests; this was nothing more than a means of establishing a point in time which a child would understand more easily than if asked, "before the time of the alleged incident."

We find no prejudicial error to have occurred. The injured child's testimony was unchallenged, her competency to act as a witness established, and therefore, the evidence she presented was sufficient to support the court's finding.

Affirmed.

BURNS and FITZGERALD, JJ., concurred.