PEOPLE v. WASHINGTON

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—CRITICAL STAGE—RIGHT TO COUNSEL.
    The preliminary examination is a critical stage in a criminal proceeding and requires the assistance of counsel.

2. CRIMINAL LAW—PRELIMINARY EXAMINATION—INDIGENTS—RIGHT TO COUNSEL—APPEAL AND ERROR—SCOPE OF REVIEW.
    Failure to provide an indigent defendant with counsel at his preliminary examination does not require automatic reversal of the defendant's conviction; the reviewing court must decide whether the denial of the right of counsel was substantial or harmless error.

3. KIDNAPPING—PRELIMINARY EXAMINATION—RIGHT TO COUNSEL—REFUSAL TO APPOINT COUNSEL—APPEAL AND ERROR.
    Refusal to appoint an attorney for the defendant charged with kidnapping at the time of preliminary examination was not

REFERENCES FOR POINTS IN HEADNOTES
[1, 3]  21 Am Jur 2d, Criminal Law § 313.
[2]  21 Am Jur 2d, Criminal Law § 319.

reversible error where the complainant testified that she was abducted and then slapped and released by the defendant after showing the defendant that she was in her menstrual period, the defendant testified that the girl was a pickup and the aggressor, but admitted that he did slap her, because the evidence was sufficient to support findings that a crime had been committed and reason existed to believe that the defendant committed it, the presence of an attorney at this stage of the proceedings would not have changed the result, and no part of the preliminary examination transcript was used at trial.

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted Division 3 December 10, 1970, at Grand Rapids. (Docket No. 7401.) Decided February 15, 1971.

Charles Washington was convicted of kidnapping. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Stewart D. Fenner, Jr.,* Assistant Prosecuting Attorney, for the people.

*Michael Sullivan,* for defendant on appeal.

Before: Fitzgerald, P. J., and Quinn and McIntyre,* JJ.

Mc Intyre, J. Defendant-appellant was convicted of kidnapping, MCLA § 750.349 (Stat Ann 1954 Rev § 28.581), after trial before a jury. The verdict was returned December 6, 1967.

The sole question on appeal is whether defendant's conviction should be reversed because he was denied counsel at the preliminary examination.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Upon arraignment before a municipal judge, defendant demanded counsel and filed an affidavit of indigency before the circuit judge. The circuit court judge sent a letter to the defendant denying counsel at public expense and the magistrate proceeded with the examination without defense counsel, and bound defendant over to the circuit court for trial.

The question of actual indigency cannot be determined on the record, but in view of this opinion, the wisdom of the circuit judge's finding need not be considered.

We hold with *Coleman* v. *Alabama* (1970), 399 US 1 (90 S Ct 1999, 26 L Ed 2d 387), that a preliminary examination is a critical stage in a criminal proceeding and requires the assistance of counsel.

Whether such denial of counsel amounts to substantial or harmless error, according to *Coleman, supra,* is for the reviewing court to decide. Failure to provide counsel does not lead to automatic reversal.

The complaining witness testified that she was abducted, slapped, and then released after she showed defendant that she was in her menstrual period. Defendant testified that the girl was a pickup, was the aggressor, but admitted slapping her upon learning of her condition. There is sufficient evidence, if believed, to support a finding that a crime had been committed and reason to believe that defendant committed it. No abuse of discretion is indicated in the magistrate's binding defendant over for trial. We fail to see how an attorney could change this result under the circumstances. The truth of the girl's story was not only believed by the examining magistrate, but also by the subsequent convicting jury, even after rigorous trial cross-examination. In the course of the trial no part of the preliminary examination transcript was introduced.

The instant record, viewed in its entirety, does not indicate an obvious miscarriage of justice. Defendant does not demonstrate any serious or manifest error, nor is reversible prejudice shown on the basis of the issue raised. MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096); GCR 1963, 529.1.

Conviction affirmed.

All concurred.