PEOPLE v CHILDREY

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—PRESERVING QUESTION—WAIVER OF OBJECTION.

Failure to object prior to or during the trial to alleged insufficiency or irregularity in the preliminary examination constitutes waiver of the right to object.

2. CRIMINAL LAW—PRELIMINARY EXAMINATION—DEFENDANT'S ABSENCE—PRESERVING QUESTION—FAILURE TO OBJECT.

A defendant cannot raise on appeal an issue of the impropriety in the conducting of part of the preliminary examination in the defendant's absence, where the record does not contain any objection or challenge to the proceedings in either the district court or the circuit court.

3. WITNESSES—CRIMINAL LAW—DEFENDANT AS WITNESS—EXAMINATION BY COURT.

Questions which were proper and necessary for clarification of the record asked by a trial judge of a criminal defendant testifying on his own behalf are not erroneous where they do not overstep the bounds of judicial impartiality.

4. INDICTMENT AND INFORMATION—ELECTION BETWEEN COUNTS—RECEIVING STOLEN GOODS—BREAKING AND ENTERING—COURTS—RESERVING RULING.

It was proper to permit the taking of proofs and reserve a ruling on a defense motion to have a count of receiving and concealing stolen goods dismissed, or, in the alternative, to have the prosecutor elect between that charge and another for breaking and entering with intent to commit larceny where the prosecutor did elect to proceed on the breaking and entering charge before the end of the trial.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 446–450.
Defendant's plea to indictment or information as waiver of lack of preliminary examination. 116 ALR 550.
[3] 29 Am Jur 2d, Evidence §§ 189, 638, 640.
[4] 41 Am Jur 2d, Indictments and Informations §§ 308, 309.

Appeal from Kent, John H. Vander Wal, J. Submitted October 9, 1975, at Grand Rapids. (Docket No. 21305.) Decided October 27, 1975. Leave to appeal applied for.

Nathaniel Childrey was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Harold S. Sawyer,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Assistant Prosecuting Attorney, for the people.

*Marshall S. Redman,* Assistant State Appellate Defender, for the defendant.

Before: N. J. KAUFMAN, P. J., and R. B. BURNS and DENEWETH,* JJ.

R. B. BURNS, J. Defendant was convicted of breaking and entering with intent to commit larceny. MCLA 750.110; MSA 28.305. He appeals and we affirm.

Defendant claims that the district court erred when the judge conducted part of the preliminary examination in his absence.

The examination was scheduled for 9:30 a.m. Defendant was in court and then left the courtroom and did not return until 10:13 a.m. The court had waited until 9:55 a.m. and then proceeded with the examination. When the defendant finally returned to the courtroom the court had taken the testimony of three witnesses.

Failure to object to alleged insufficiency or irregularity in the examination prior to or during the trial constitutes waiver of the right to object.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*People v Willis,* 1 Mich App 428; 136 NW2d 723 (1965).

The record does not contain any objection or challenge to the proceedings in either the district court or the circuit court. Defendant cannot raise the issue on appeal.

Defendant next claims that the trial court overstepped the bounds of judicial impartiality when questioning the defendant. We have read the entire testimony of the defendant. In our opinion, the questions asked by the trial judge were proper and necessary for clarification of the record. *People v Wright,* 38 Mich App 427; 196 NW2d 839 (1972).

Defendant also asserts that it was error for the prosecutor to charge the defendant with both breaking and entering with intent to commit larceny, MCLA 750.110; MSA 28.305, and receiving and concealing stolen goods, MCLA 750.535; MSA 28.803.

Defense counsel moved to have Count II dismissed, or, in the alternative, to force the prosecutor to elect between the two charges. The trial judge reserved his ruling on the matter. Before the end of trial the prosecutor did elect to proceed on the first charge.

The procedure utilized by the trial judge has been employed since *People v Burman,* 154 Mich 150; 117 NW 589 (1908).

The last error ascribed by defendant concerns the court's charge to the jury on the element of intent. The court's charge was almost identical to that given and approved in *People v Peay,* 37 Mich App 414; 195 NW2d 75 (1971).

Affirmed.