PEOPLE v DEBRECZENY

OPINION OF THE COURT

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—PRESERVING QUES-
   TION—WAIVER OF OBJECTION—APPEAL AND ERROR.

   Failure to object prior to or during trial to alleged irregularities
   in a preliminary examination constitutes waiver of the right to
   raise the issue on appeal.

2. CRIMINAL LAW—SEX OFFENSES—EVIDENCE—HEARSAY—HARMLESS
   ERROR—TESTIFYING DECLARANT—CUMULATIVE TESTIMONY.

   The error of admitting hearsay testimony of a policewoman in a
   sex offense involving a child of tender years is rendered harm-
   less where the declarant of the out-of-court statements testifies
   to and substantiates the policewoman's testimony, especially
   where the testimony of the policewoman is largely cumulative
   of the victim's and the court is sitting alone and without a jury.

3. CRIMINAL LAW—SEX OFFENSES—EVIDENCE—HEARSAY—RES GESTAE
   —ADMISSIBILITY.

   Hearsay statements made by a victim of tender years to a witness
   who subsequently testifies to the content of these declarations
   are admissible as part of the res gestae of a sex crime if the
   delay from the time of the incident to the time of the conversa-
   tion is adequately explained.

4. WITNESSES—CRIMINAL LAW—SEX OFFENSES—EVIDENCE—BENCH
   TRIAL—PROCEDURE—FAILURE TO OBJECT—STATUTES.

   Failure to examine a complaining witness 9 years of age in a trial
   for a sex offense to determine whether she has sufficient
   intelligence and sense of obligation to tell the truth, as re-
   quired by statute, until after re-direct examination by the

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur 2d, Evidence § 1022.
   75 Am Jur 2d, Trial §§ 166, 167, 708.
[2–9] 29 Am Jur 2d, Evidence §§ 719, 728.
[5] 41 Am Jur 2d, Indictment §§ 56, 60.
   58 Am Jur 2d, New Trial § 41.
[6] 21 Am Jur 2d, Criminal Law §§ 245, 253, 254.

prosecutor, is not reversible error in procedure in a bench trial where the trial judge is the sole judge of credibility and of what weight, if any, to accord to a witness's testimony, and where there was no objection by defendant (MCLA 600.2163; MSA 27A.2163).

5. Witnesses—Criminal Law—Indorsement of Witnesses—Late Indorsement of Witnesses—Res Gestae Witnesses—Additional Witnesses—Motion For New Trial—Court's Discretion.

The prosecution's failure to call all res gestae witnesses and the trial court's allowing the prosecutor to indorse additional res gestae witnesses during the course of trial is not a denial of a fair trial where no motion for a new trial was ever filed; the late indorsement of witnesses is within the discretion of the trial court.

6. Criminal Law—Constitutional Law—Speedy Trial—Prejudice —Release on Bond—Assertion of Right.

A defendant was not denied his right to a speedy trial where the delay was 20 months, was not the fault of the prosecution, defendant was released on bond, and the record fails to reveal prejudice by the delay or an assertion by the defendant of his right.

Concurrence by M. J. Kelly, J.

7. Criminal Law—Hearsay Statements—Admissibility—Classification.

Hearsay statements made by a victim of tender years may be admissible as part of the res gestae of the crime, but such statements would require all of the elements of the appropriate hearsay exception; the appropriate classification for such statements is spontaneous exclamations or excited utterances.

8. Criminal Law—Hearsay Statements—Cumulative Testimony— Harmless Error.

Error is harmless where the testimony of a policewoman concerning hearsay statements made to her by a sex victim of tender years is largely cumulative.

9. Criminal Law—Evidence—Probability of Trustworthiness.

A question-and-answer session with a policewoman is not a situation which tends to create a circumstantial probability of trustworthiness where a young victim of a sex crime was not frightened into silence, nor was she shocked into an excited utterance.

Appeal from Washtenaw, Edward D. Deake, J. Submitted November 3, 1976, at Lansing. (Docket No. 26011.) Decided March 29, 1977.

Tibor Debreczeny was convicted of taking indecent liberties with a minor. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Senior Assistant Prosecuting Attorney, for the people.

*Raymond G. Mullins,* for defendant.

Before: DANHOF, C. J., and M. J. KELLY and D. E. HOLBROOK, JR., JJ

D. E. HOLBROOK, JR., J. Defendant was convicted by the court, sitting without a jury, of the offense of taking indecent liberties with an eight-year-old girl. MCLA 750.336; MSA 28.568. Subsequently sentenced to 2-1/2 to 10 years imprisonment, defendant appeals his conviction as of right.

Initially, defendant claims that the district court abused its discretion by binding defendant over to the circuit court to stand trial. Defendant now asserts certain procedural irregularities in the preliminary examination. Defendant did not object to such alleged irregularities prior to or during the trial. Hence, he has waived his right to object and cannot now raise this issue on appeal. *People v Childrey,* 65 Mich App 276; 237 NW2d 288 (1975).

Next defendant claims that the trial court abused its discretion by allowing one Diane Davis, a policewoman, to testify over defendant's objection as to the contents of her conversation with the victim which took place early to mid-morning

on the day following the alleged incident. The incident took place on a Sunday afternoon. It was reported to the police the same day; however, Ms. Davis was not on duty at the time and it was her duty, to the exclusion of others, to interview young children suspected of having been sexually assaulted. Since the declarant of the out-of-court statement testified to and substantiated Ms. Davis' testimony, because Ms. Davis' testimony was largely cumulative and because the trial court was sitting alone and without a jury, we could reject defendant's contention on the basis of *People v Payne,* 37 Mich App 442; 194 NW2d 906 (1971). It was the testimony of the victim that while playing games in a swimming pool, defendant swam between her legs, forced his hand inside her bathing suit and inserted a finger into her vagina. The testimony of Ms. Davis substantiated this prior testimony of the victim. We choose, however, to go one step further. In sex offenses, hearsay statements made by a victim of tender years to a witness who subsequently testifies to the content of these declarations are admissible as part of the "res gestae" of the crime if the delay from the time of the incident to the time of the conversation is adequately explained. *People v Payne, supra, People v Baker,* 251 Mich 322; 232 NW 381 (1930), *People v Davison,* 12 Mich App 429; 163 NW2d 10 (1968). We hold that where the alleged act of indecent liberties occurs on a Sunday afternoon, is reported to the police the same day, where the person in charge of interviewing young children with respect to such allegations is absent from duty, and where the statement is made at the earliest opportunity the following morning, the testimony of such interviewer is admissible as part of the "res gestae", the delay having been adequately explained.

.

Defendant further contends that the trial court erred by not examining the complaining witness to determine whether she had sufficient intelligence and sense of obligation to tell the truth as required by MCLA 600.2163; MSA 27A.2163.[1] Here the complaining witness was 9 years and 10 months old at the time of trial. While it is true that the trial court did not do so prior to any testimony being taken, the court did in fact do so following re-direct examination by the prosecutor. Moreover at no time did the defendant object. In a bench trial, where the trial judge is the sole judge of credibility and what weight, if any, to accord a witness's testimony, we find no reversible error with the procedure herein utilized, and especially so absent objection.

Defendant also contends that he was denied a fair trial because of the prosecution's failing to call all res gestae witnesses and by the trial court's allowing the prosecutor to endorse additional res gestae witnesses during the course of trial. Such claims must also fail. Here no motion for a new trial was ever filed. *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973). Furthermore, the late endorsement of witnesses is within the discretion of the trial court. *People v Harrison,* 44 Mich App 578; 205 NW2d 900 (1973). A review of the record reveals that none of the witnesses subsequently endorsed were crucial to the people's case nor does the record show that their endorsement or subsequent testimony denied defendant a fair trial. Hence no abuse of discretion has been shown.

---

[1] "Sec 2163. Whenever a child under the age of 10 years is produced as a witness, the court shall by an examination made by itself publicly, or separate and apart, ascertain to its own satisfaction whether such child has sufficient intelligence and sense of obligation to tell the truth to be safely admitted to testify; and in such case such testimony may be given on a promise to tell the truth instead of upon oath or statutory affirmation, and shall be given such credit as to the court or jury, if there be a jury, it may appear to deserve."

Lastly, defendant asserts he was denied his right to a speedy trial. Approximately 20 months elapsed between the date of defendant's arrest and the commencement of trial. In *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972), the United States Supreme Court held that in determining whether the right to a speedy trial has been violated, a balancing test should be used which should take into account the following four factors: (1) length of delay; (2) reason for the delay; (3) defendant's assertion of his right; and, (4) prejudice to the defendant. The record reveals a delay of but 20 months, a period of time comparable to the delay in *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972), wherein the length of delay was not found unreasonable. Further review of the record reveals that the delay was not the fault of the prosecution but due to disqualification of the district judge, reassignment of the case by Circuit Judge Ager to Circuit Judge Deake who had already been assigned a companion case and a congested court docket. Moreover, defendant was released on bond at his initial arraignment. Nor does the record reveal prejudice to the defendant by the delay or an assertion by defendant of his right.

We find no reversible error.

Affirmed.

Danhof, C. J., concurred.

M. J. Kelly, J. *(concurring).* There is a confusion of concepts with regard to the treatment of the admissibility of the young victim's statements to third persons. This has been recognized by Wigmore who deals with it under the topics, Complaint of Rape, 4 Wigmore, Evidence, § 1134 *et seq.* (Chadbourn rev 1972) and Spontaneous Exclamations, 6 Wigmore, Evidence, § 1760 *et seq.* (Chad-

bourn rev 1976). I agree that under certain circumstances hearsay statements made by a victim of tender years may be admissible as part of the res gestae of the crime but it would be my view that such statements would require all of the elements of the appropriate hearsay exception. See *People v Meyer,* 46 Mich App 357; 208 NW2d 230 (1973). The appropriate classification I believe is spontaneous exclamations or excited utterances rather than res gestae as says the majority opinion here. See *People v* Cunningham, 398 Mich 514; 248 NW2d 166 (1976).

In the present case the victim's statements to Ms. Davis could not qualify under either treatment. I find Ms. Davis' testimony was largely cumulative and amounted to harmless error only (as per Justice WILLIAMS' opinion in *Cunningham, supra).*

The majority relies on the holding in *People v Payne,* 37 Mich App 442, 444; 194 NW2d 906 (1971), that:

> "In sex offenses, hearsay statements made by a victim of tender years to a witness who subsequently testifies to the content of these declarations are admissible as part of the *res gestae* of the crime if the delay from the time of the incident to the time of the conversation is adequately explained."

Without trying to take on the task of delineating situations where the delay is "adequately explained" it should be noted that the *Payne* quote is mere dicta because that Court held:

> "However, we feel it is unnecessary to determine if this concededly hearsay testimony is admissible as a segment of the continuing *res gestae* of the crime; we hold that the error, if any, is harmless." *Payne, supra* at 444.

The cases relied on by *Payne, supra* were cases where the delay was "adequately explained" by fear of the victim who had been coerced, intimidated or threatened. Insofar as *Payne* is read to eliminate the spontaneity requirement I believe it is an incorrect statement of evidentiary law. If it is not, then it is an incorrect statement of what the law should be.

The cases which center on the victim's fear of reprisal as being a catalyst for expanding on the interlude between the event and the utterance are not in point because no such claim is made in the case at bar. This young victim was not frightened into silence, nor was she shocked into an excited utterance. The question and answer session with Ms. Davis is emphatically not a situation which tends to "create a circumstantial probability of trustworthiness". *People v Ivory Thomas,* 14 Mich App 642; 165 NW2d 879 (1968) (LEVIN, J. concurring).