PEOPLE v CARTER

Docket No. 45158. Submitted October 7, 1980, at Detroit.—Decided
November 19, 1980. Leave to appeal applied for.

Edward J. Carter was found guilty of malicious destruction of
property with a value over $100 following a bench trial in
Wayne Circuit Court, Joseph G. Rashid, J. Defendant was not
represented by counsel at his preliminary examination. The
examining magistrate, prior to the preliminary examination
hearing, ascertained that the defendant had consulted with an
attorney prior to the hearing and wished to proceed with the
hearing without assistance of counsel. The examining magis-
trate, however, did not inform the defendant of his right to an
appointed counsel at the preliminary examination. Defendant
appeals, alleging that the record does not establish that his
decision to represent himself at the preliminary examination
was knowingly, intelligently and voluntarily made. *Held:*

1. While the defendant failed to object prior to or during trial
to the alleged insufficiency or irregularity in the preliminary
examination, a failure which would normally preclude appel-
late review, appellate review of the question of whether the
defendant knowingly and intelligently waived assistance of
counsel at the preliminary examination is not precluded by the
failure to raise that objection before the trial court, since that
alleged error involves a constitutional right and such error may
have been decisive to the outcome of the trial.

2. The defendant's waiver of assistance of counsel at his
preliminary examination cannot be said to have been know-
ingly and intelligently made, since the examining magistrate
failed to inform the defendant of his right to appointed counsel
and the record does not otherwise show that defendant was
aware of that right. The error thus occasioned is, however,

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 553.
  21 Am Jur 2d, Criminal Law §§ 441, 446.
  Appealability of order pertaining to pretrial examination, discovery,
    interrogatories, production of books and papers, or the like. 37
    ALR2d 586.
[2-4] 21 Am Jur 2d, Criminal Law §§ 316, 317.

harmless error since the defendant suffered no prejudice by reason of the absence of assistance of counsel at the preliminary examination. Defendant's allegations that effective cross-examination and/or objections to evidence at the preliminary examination would have precluded a binding over find no support in the record and are meritless.

Affirmed.

N. J. KAUFMAN, J., dissented. He would hold that, since there is no way of knowing whether vigorous cross-examination by counsel at the preliminary examination would have brought out evidence which might have precluded a binding over, it cannot be said that the absence of assistance of counsel following the ineffectual waiver of the same resulted in no prejudice to defendant and was harmless error beyond a reasonable doubt.

OPINION OF THE COURT

1. APPEAL — CRIMINAL LAW — PRELIMINARY EXAMINATION — FAILURE TO OBJECT — CONSTITUTIONAL RIGHTS.

A failure by a criminal defendant to object prior to or during trial to an alleged insufficiency or irregularity in the preliminary examination may preclude appellate review of an issue relative to that preliminary examination; however, such failure to object below does not preclude appellate review where the question involves a constitutional right and the alleged error may have been decisive to the outcome of the trial.

2. CRIMINAL LAW — ASSISTANCE OF COUNSEL — PRELIMINARY EXAMINATION — WAIVER — RECORD — COURT RULES.

A knowing and intelligent waiver of assistance of counsel by a criminal defendant at his preliminary examination requires that the record show that the defendant was aware of his right to have an attorney appointed at public expense if unable to afford one (GCR 1963, 785.4[3]).

3. CRIMINAL LAW — ASSISTANCE OF COUNSEL — PRELIMINARY EXAMINATION — WAIVER — PREJUDICE — HARMLESS ERROR.

It is harmless error to proceed with a preliminary examination at which the defendant does not have benefit of counsel and the record does not establish that the defendant made a knowing and intelligent waiver of assistance of counsel where it appears that the defendant suffered no prejudice by the absence of counsel at the preliminary examination and allegations that effective cross-examination and/or objections to evidence at the

preliminary examination could have precluded a binding over
are not supported by the record and are without merit.

DISSENT BY N. J. KAUFMAN, J.

4. CRIMINAL LAW — ASSISTANCE OF COUNSEL — PRELIMINARY EXAMI-
   NATION — WAIVER — ERROR — HARMLESS ERROR.
   *The error resulting from the absence of counsel at a preliminary
   examination without a knowing and intelligent waiver of assis-
   tance of counsel by the defendant cannot be said to be harmless
   beyond a reasonable doubt where it is not evident that effective
   cross-examination might not have revealed sufficient deficien-
   cies in the complainant's story to have precluded a binding
   over.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *Paul G. Bruno,* As-
sistant Prosecuting Attorney, for the people.

*Derrick A. Carter,* Assistant State Appellate
Defender, for defendant on appeal.

Before: D. C. RILEY, P.J., and N. J. KAUFMAN and
MACKENZIE, JJ.

D. C. RILEY, P.J. Following a bench trial, the
defendant was found guilty of malicious destruc-
tion of property over $100, MCL 750.377a; MSA
28.609(1). Defendant appeals as of right, claiming
that the record does not establish that his decision
to represent himself at the preliminary examina-
tion was knowingly, intelligently, and voluntarily
made.

The prosecution argues that this issue is not
preserved for appellate review because no objec-
tion to the magistrate's action was raised prior to
or during trial. Failure to object to alleged insuffi-
ciency or irregularity in the examination, prior to
or during trial, constitutes waiver of the right to

raise the issue on appeal. *People v Childrey,* 65 Mich App 276; 237 NW2d 288 (1975). This rule has been applied to preclude review of a claim that the defendant was not present during a portion of the preliminary examination, *Childrey, supra,* and a claim that the examining magistrate should have granted a continuance to allow the defendant time to procure retained counsel, *People v Edmonds,* 93 Mich App 129; 285 NW2d 802 (1979).

On the other hand, this Court has held that the failure to object does not foreclose review where a constitutional right is likely to have been infringed upon and the error may have been decisive to the outcome of the trial. *People v Merchant,* 86 Mich App 355; 272 NW2d 656 (1978), *People v Edwards,* 51 Mich App 403; 214 NW2d 909 (1974).

In *People v Anderson,* 398 Mich 361, 368; 247 NW2d 857 (1976), the Court set forth the rule that the record must establish that the defendant's decision to represent himself is a voluntary, intelligent, and knowing one:

"Second, once the defendant has unequivocally declared his desire to proceed *pro se* the trial court must determine whether defendant is asserting his right knowingly, intelligently and voluntarily. *Faretta [v California,* 422 US 806; 95 S Ct 2525; 45 L Ed 2d 562 (1975)], *supra,* 422 US 835; *Holcomb [People v Holcomb,* 395 Mich 326; 235 NW2d 343 (1975)], *supra,* at 337. The trial court must make the *pro se* defendant aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open."

GCR 1963, 785.4(3) reads as follows:

"Even though a defendant has waived the assistance of a lawyer, the court shall advise him at each subse-

quent proceeding *(e.g.,* preliminary examination, arraignment, hearings, trial, or sentencing) of his right to a lawyer at public expense. Before the court proceeds,

"(a) the defendant must reaffirm that he does not want a lawyer's assistance; or

"(b) if he is eligible for and then requests the appointment of a lawyer, the court must appoint one; or

"(c) if he wants to retain a lawyer and has the financial ability to do so, the court must allow him a reasonable opportunity to retain a lawyer.

*"If the defendant is not represented by a lawyer, the record must affirmatively show at each proceeding that advice on the right to a lawyer at public expense was given and that the defendant waived that right."* (Emphasis added.)

In the present case, the defendant indicated at the preliminary examination that he had previously conferred with an attorney who advised the defendant to represent himself at the preliminary examination. The magistrate explained the function of the preliminary examination and then the following dialogue ensued:

"THE COURT: * * * Now, as you have already said, you have consulted an attorney?

"[DEFENDANT]: I have talked to him.

"THE COURT: And he has given you the benefit of his advice, and as a result of your talking with [attorney], it was decided you would represent yourself in the proceedings today, is that right?

"[DEFENDANT]: Yes, sir.

"THE COURT: You do not wish to have an attorney here; you want to represent yourself?

"[DEFENDANT]: Yes, sir.

"THE COURT: You waive at this hearing—

"[DEFENDANT]: I understand.

"THE COURT: You may proceed, [Prosecuting Attorney].

"[PROSECUTING ATTORNEY]: Call [Witness]."

The magistrate, in permitting the defendant to represent himself, appeared to rely on the fact that the defendant had consulted with an attorney before he appeared at the preliminary examination without counsel. It is not clear from the record that the defendant was aware that he had the right to appointed counsel at the preliminary examination. The defendant may have been under the impression that he had the choice of representing himself or of paying for his own attorney. We note that the defendant was eventually provided with appointed counsel for trial. The fact that the defendant had previously consulted with a private attorney does not establish a knowing and intelligent waiver of the right to counsel on the record, in keeping with the requirements of GCR 785.4(3) and *Anderson, supra.*

The final question to be considered is the application of the harmless error rule. In *People v Washington,* 30 Mich App 435, 437; 186 NW2d 13 (1971), the defendant's request that counsel be appointed to represent him at the preliminary examination was erroneously denied. This Court recognized that the failure to provide counsel at a preliminary examination does not lead to automatic reversal. The *Washington* Court found the error in that case to be harmless and affirmed his kidnapping conviction, stating:

"The complaining witness testified that she was abducted, slapped, and then released after she showed defendant that she was in her menstrual period. Defendant testified that the girl was a pick-up, was the aggressor, but admitted slapping her upon learning of her condition. There is sufficient evidence, if believed, to support a finding that a crime had been committed and reason to believe that defendant committed it. No abuse of discretion is indicated in the magistrate's binding defendant over for trial. We fail to see how an attorney

could change this result under the circumstances. The truth of the girl's story was not only believed by the examining magistrate, but also by the subsequent convicting jury, even after rigorous trial cross-examination. In the course of the trial no part of the preliminary examination transcript was introduced."

Similarly, in *People v Eddington,* 77 Mich App 177, 190-191; 258 NW2d 183 (1977), this Court affirmed the defendant's conviction when the defendant represented himself at the preliminary examination because the trial judge had erroneously denied a motion for a continuance so that defense counsel could have an opportunity to prepare for the case. This Court noted that the defendant had not shown that his retained counsel would have gained more discovery or evidence for later impeachment had he been conducting the cross-examination at the preliminary examination.

As in *Washington* and *Eddington, supra,* it appears that the defendant in this case suffered no prejudice by the absence of counsel at the preliminary examination. It is claimed that effective cross-examination could have revealed deficiencies in the complainant's story and precluded a binding over. The defendant's attorney had an opportunity to cross-examine the witness at trial, yet, the trial judge still found the defendant guilty. The defendant claims that certain evidence should not have been permitted at the preliminary examination, yet, the same evidence was admitted at trial without objection. It does not appear that the outcome of the defendant's trial would have been any different had the defendant been provided with an attorney at the preliminary examination.

The defendant's conviction is therefore affirmed.

MACKENZIE, J., concurred.

N. J. KAUFMAN, J. *(dissenting).* I respectfully dissent. I find it impossible to say with certainty that defendant suffered no prejudice by the absence of counsel at the preliminary examination. It is not evident to me that effective cross-examination might not have revealed sufficient deficiencies in complainant's story to have precluded a binding over. Although defendant's attorney did have an opportunity to cross-examine the witness at trial, there is no way of knowing whether vigorous cross-examination at the preliminary examination would have brought out evidence different from that which was presented at trial. Absent a knowing, intelligent and voluntary waiver of counsel by defendant, I am unable to say that the error in the instant case was harmless beyond a reasonable doubt.