PEOPLE v POTTRUFF

Docket No. 55769. Submitted March 5, 1982, at Grand Rapids.—
Decided May 20, 1982. Leave to appeal denied, 414 Mich 924.

James D. Pottruff was convicted of first-degree criminal sexual
conduct in Mason Circuit Court, Richard I. Cooper, J. Defen-
dant appealed. *Held:*

1. Defendant's Fifth Amendment and Sixth Amendment
right to counsel was violated by the admission of a statement
he had made to police in response to police questioning after he
had been given *Miranda* warnings. The Sixth Amendment right
to counsel arises whenever an accused has been indicted or
adversary criminal proceedings have otherwise begun and that
right is violated when admissions are subsequently elicited
from the accused in the absence of counsel and in the absence
of a valid waiver. A valid waiver only occurs when the defen-
dant initiates further communication with the police.

2. The court did not err in allowing evidence of statements
made by the six-year-old victim to her mother the day after the
crime took place. The tender-years exception to the hearsay
rule allows the admission of a spontaneous voluntary statement
of a child to another person, despite a lapse of time between
the incident and the statement, if the delay is adequately
explained. Furthermore, the victim testified at trial and was
available for cross-examination, so any error was harmless.

3. At trial there was evidence of both fellatio and vaginal
penetration. On retrial, defendant should either be charged
with separate counts or the jury should be instructed that, for
conviction, they must find unanimously that defendant commit-
ted either one or the other of the acts in question.

4. Defendant failed to show any prejudice regarding his other
claims of error.

Reversed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21A Am Jur 2d, Criminal Law § 989.
[2] 29 Am Jur 2d, Evidence § 728.
[3] 5 Am Jur 2d, Appeal and Error § 806.
[4] 46 Am Jur 2d, Judges §§ 198, 202.
[5] 21A Am Jur 2d, Criminal Law § 922.

1. CRIMINAL LAW — RIGHT TO COUNSEL — WAIVER.

The Sixth Amendment right to counsel arises whenever an accused has been indicted or adversary criminal proceedings have otherwise begun and this right is violated when admissions are subsequently elicited from the accused in the absence of counsel and in the absence of a valid waiver; a valid waiver only occurs when the defendant initiates further communication with the police.

2. EVIDENCE — HEARSAY — TENDER-YEARS EXCEPTION.

The tender-years exception to the hearsay rule allows the admission of a spontaneous voluntary statement of a child to another person, despite a lapse of the time between the incident and the statement, if the delay is adequately explained.

3. EVIDENCE — HEARSAY — HARMLESS ERROR.

The error of admitting hearsay evidence is rendered harmless where the declarant of the out-of-court statement testifies to and substantiates the incompetent evidence.

4. JUDGES — DISQUALIFICATION OF JUDGE — PRESERVING QUESTION.

In general, a party must move to disqualify the judge or the issue is waived.

5. CRIMINAL LAW — PRESENCE OF DEFENDANT — SENTENCING — PRESENTENCE CONFERENCE.

The Supreme Court has declined to require, as a matter of policy, that an accused be present upon request at a presentence conference between the trial court and counsel where the Court concluded that the defendant was not prejudiced by his absence from the sentence conference and there was no showing that what transpired at the conference was objectionable in any fashion.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Martin M. Holmes,* Prosecuting Attorney, and *Edgar L. Church,* Assistant Attorney General, Prosecuting Attorneys Appellate Service, for the people.

*James Krogsrud,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. F. Walsh, P.J., and Cynar and W. F. Hood,* JJ.

Cynar, J. Defendant was charged with and, after a two-day jury trial, convicted of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). Defendant was sentenced on November 4, 1980, to serve 8 years minimum and 14 years maximum. Defendant appeals as of right.

The alleged victim of this crime, Victoria (Vicki) Stoneburner, testified that she is six years old and that when she was five defendant put his "thingie" (penis) in her mouth. He also put it in her "cooter" (vagina). She testified that when she screamed and cried, defendant slapped her on the face and the chest. Defendant told her she would get a whipping if she told anyone.

On cross-examination she testified that she told her mother the next day that defendant said to suck it and that he put it in her "cooter". She further testified that she never saw her mother with her mouth on defendant's penis.

Deborah Stoneburner, Vicki's mother, testified that she was with defendant on September 21, 1979, and Vicki was present also. Around 9 p.m., defendant asked her to get a clock from defendant's mother's home. She testified that she went home with Vicki the next day. She then testified as to what her daughter told her concerning this incident. It appeared that Vicki initiated the conversation without being prompted by Deborah.

Mason County Deputy Ray Anderson testified that he took a statement on October 18, 1979, from defendant after informing him of his rights under *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). Defendant told him that he had

* Circuit judge, sitting on the Court of Appeals by assignment.

a broken zipper on his pants and that Vicki grabbed his penis and put it in her mouth. He said she told him she did it because she saw her mother do it and she thought she would like to be like her mother.

The written statement given by defendant on October 18, 1979, was read into the record, there being no objection.

The prosecutor then sought a court ruling on two statements made by defendant on January 3, 1980, and January 4, 1980, one of which was suppressed while the other was admitted.

The jury found defendant guilty of criminal sexual conduct in the first degree.

I

The prosecutor made an offer of proof for the purpose of having the court rule on the admissibility of two statements taken from defendant on January 3, 1980, and January 4, 1980. He indicated that he and defense counsel agreed that defendant would take a polygraph examination and defendant did in fact take that examination. After the examination was finished, Lieutenant Garchow gave defendant his *Miranda* rights and defendant indicated he would talk to Garchow. Defendant said that "what Vicki Stoneburner had previously said in her statement was the truth". That statement was overheard by officer Kreig who was in the next room observing the examination and the statement through a one-way mirror and could hear the entire conversation. In suppressing the January 3, 1980, statement, the court said:

"And, prior to the transporting occurring, the defense attorney had represented the defendant and the officers

were aware that the defense attorney had instructed the defendant not to communicate or to answer any questions. The court in this situation finds that the defense attorney agreed to the application of a polygraph test, and that that agreement would be limited to an application of a polygraph test, and that no permission would've been given for a follow through questioning or interrogation to take place. And, for that reason, the court finds that any statements that were made to the officer following that polygraph test would not be admissible in evidence against the defendant at this trial."

The January 4, 1980, statement which the prosecutor wished to have admitted was taken at the sheriff's department by officer Kreig on the day following the polygraph examination. The court ruled that this statement was admissible because it felt "that when the defendant was back in Mason County, and that an overnight time period had taken place, that the defendant was then out of the influence or the effect of the polygraph situation. And, that he was also then removed from the effects of any stipulation that pertained to the allowance of the taking of a polygraph."

In *Massiah v United States,* 377 US 201, 206; 84 S Ct 1199; 12 L Ed 2d 246 (1964), the Court held that the defendant was denied his Sixth Amendment right to counsel "when there was used against him at his trial evidence of his own incriminating words, which federal agents had deliberately elicited from him after he had been indicted and in the absence of his counsel". Affirmative interrogation clearly falls under the rule of *Massiah. United States v Henry,* 447 US 264, 271; 100 S Ct 2183; 65 L Ed 2d 115 (1980).

The Sixth Amendment right to counsel

"prohibits law enforcement officers from 'deliberately

elicit[ing]' incriminating information from a defendant in the absence of counsel after a formal charge against the defendant has been filed. Custody in such a case is not controlling; indeed, the petitioner in *Massiah* was not in custody. By contrast, the right to counsel at issue in the present case is based not on the Sixth and Fourteenth Amendments, but rather on the Fifth and the Fourteenth Amendments as interpreted in the *Miranda* opinion. The definitions of 'interrogation' under the Fifth and Sixth Amendments, if indeed the term 'interrogation' is even apt in the Sixth Amendment context, are not necessarily interchangeable, since the policies underlying the two constitutional provisions are quite distinct." *Rhode Island v Innis,* 446 US 291, 300, fn 4; 100 S Ct 1682; 64 L Ed 2d 297 (1980).

In *Edwards v Arizona,* — US —; 101 S Ct 1880, 1882-1883, fn 7; 68 L Ed 2d 378, 383, fn 7 (1981), the Court indicated that *Massiah* "held that the Sixth Amendment right to counsel arises whenever an accused has been indicted or adversary criminal proceedings have otherwise begun and that this right is violated when admissions are subsequently elicited from the accused in the absence of counsel".

In the instant case, defendant had a preliminary examination on October 29, 1979, some two months prior to the challenged statement.

Finally, in *People v Paintman,* 412 Mich 518; 315 NW2d 418 (1982), the Court suppressed the statements of the defendants because there had been an ineffective waiver of counsel during custodial interrogations. Defendant Conklin was represented by counsel, and the officers were aware that he was represented but did not contact the attorney prior to questioning. A waiver of that right is valid, after the right has been invoked, only when the defendant initiates further communication with the police. *Id.,* 524-526, *Edwards, supra,* 68 L

Ed 2d 378, 387. The question of retroactivity of *Edwards* has been decided in *Paintman, supra,* 530-531. Because *Edwards* did not establish a new rule of law, retroactivity is not a question and the case is applicable.

Accordingly, the statement was erroneously admitted at trial. The statement was taken in violation of defendant's Sixth Amendment right to counsel under *Massiah* and its progeny and of defendant's Fifth Amendment rights under *Miranda* and *Edwards,* no valid waiver having been shown. A reading of *Miranda* rights and the fact that defendant responds to subsequent questions is insufficient to establish a valid waiver. *Edwards, supra,* 68 L Ed 2d 378, 386. The error could not be considered harmless since defendant was effectively impeached by the use of that statement. Therefore, defendant is entitled to a new trial.

## II

The information charged defendant with one count of sexual penetration with a person under 13 years of age. The prosecution backed up the charge with two different factual situations: fellatio and vaginal penetration. The district court bound the defendant over on the one and only crime charged—criminal sexual conduct in the first degree. The district judge then ruled that:

"[B]ased on the evidence that it has heard today that there is not probable cause to believe, nor is there competent proofs regarding the matter of actual penetration of the vagina of this alleged victim in this particular case. Court realizes that there was some testimony to that effect and I'm not going to take that away from the people in this case, but the court simply does not feel that the testimony in that regard was competent.

"So, just so you understand me completely, what I'm binding this defendant over on is on the crime charged, the oral penetration with this alleged victim and the defendant, wherein the defendant allegedly placed his penis in her mouth."

Defense counsel, prior to trial, objected to the endorsement of Dr. Carney who would testify on vaginal penetration. Defense counsel indicated that the circuit court did not have jurisdiction of the vaginal penetration claim by reason of the limitation stated by the district judge at the preliminary examination. The circuit court ruled as follows:

"The court then, this court would then interpret the language to simply mean that the district court was finding sufficient evidence to bind over. But, it was leaving it for further proceedings, including the trial stage, for any additional development of elements to be performed by the prosecution."

Defendant is not arguing, nor has he ever argued, that it is improper to charge one crime based upon alternative facts. It is improper to charge a defendant with multiple counts of criminal sexual conduct when there was but one act. *People v Willie Johnson,* 406 Mich 320, 330-331; 279 NW2d 534 (1979). It would appear that the prosecutor could have, and probably should have, charged two counts of criminal sexual conduct in the first degree. *People v Payne,* 90 Mich App 713, 716, 724-725; 282 NW2d 456 (1979). However, only one count of criminal sexual conduct in the first degree was charged, sexual penetration with a person under the age of 13. Sexual penetration means sexual intercourse or fellatio, *inter alia,* MCL 750.520a(h); MSA 28.788(1)(h). Defendant has not attacked the propriety of the charge as filed.

Defendant's main claim is that the circuit court was without jurisdiction to hear evidence relative to vaginal penetration. The district judge's function was to determine whether a crime had been committed (which it found), and whether probable cause existed for charging defendant with that crime (it so found). *People v King,* 412 Mich 145, 152-153; 312 NW2d 629 (1981), MCL 766.13; MSA 28.931.

"[I]f upon an examination of the whole matter the evidence is insufficient to satisfy the magistrate that the offense charged has been committed and that there is probable cause to believe that the defendant committed it, then he should not bind the defendant over on the offense charged but may bind him over on a lesser offense as to which he is so satisfied." *Id.,* 154.

The ruling of the district judge did not limit the jurisdiction of the trial court because its ruling held that the crime had been committed, with probable cause to believe that defendant committed it. Consequently, the testimony of Dr. Carney was admissible.

To hold otherwise would place an unreasonable burden on the prosecution and would convert a threshold preliminary proceeding into a "dress rehearsal" of the actual trial.

We are more troubled by defendant's argument that the jury may have convicted defendant without a unanimous determination of guilt. This possibility arises from the fact that some jurors may have been convinced that defendant committed the act of fellatio while others may have been convinced only that vaginal penetration had occurred, or vice versa. While we regard this as unlikely, we note that the potential recurrence of this problem can be avoided on retrial either by charging defen-

dant with separate counts or by instructing the jury that they must find unanimously that defendant committed either one or the other of the acts in question.

## III

Defendant argues that the trial court erred by permitting the mother of the five-year-old victim to testify to what the victim told her about his crime.

The tender-years exception to the hearsay rule has been defined as a spontaneous voluntary statement of a child to another person, despite a lapse of time between the incident and the statement, if the delay is adequately explained. *People v Davison,* 12 Mich App 429, 432-433; 163 NW2d 10 (1968). See also *People v Debreczeny,* 74 Mich App 391, 394; 253 NW2d 776 (1977).

The recent trend has been to allow this type of testimony under MRE 803(2). *People v Turner,* 112 Mich App 381; 316 NW2d 426 (1982), *People v Lovett,* 85 Mich App 534, 544; 272 NW2d 126 (1978).

Although the tender-years exception as it once existed has not been specifically embodied in the Michigan Rules of Evidence, the statement of Vicki to her mother would appear to qualify as an excited utterance. It was a statement which related to a startling event. It was made within 24 hours after the event occurred and she could be considered still under the stress of excitement caused by that event. In *Lovett,* statements were found admissible even though made a week after

the event. Accordingly, the trial court did not err when it admitted this testimony.

In any event, since Vicki was present for cross-examination and substantiated the allegedly inadmissible testimony, any error in the admission of that testimony can be considered harmless. *People v Payne,* 37 Mich App 442, 444-445; 194 NW2d 906 (1971).

Defendant argues that the court should have *sua sponte* disqualified itself from sentencing defendant on the basis of the trial court's knowledge of the polygraph examination undergone by defendant. In general, a defendant must move to disqualify the judge or the issue is waived. *People v McLeod,* 107 Mich App 710, 714; 310 NW2d 31 (1981). However, it is not waived if the trial judge, before the trial is concluded, is aware that the defendant took a lie detector test and failed it, and the judge is the trier of fact. *People v Frazier Walker,* 24 Mich App 360, 361-362; 180 NW2d 193 (1970), *aff'd* 385 Mich 596; 189 NW2d 41 (1971). This Court did note that if it had been a jury trial the court's knowledge of the lie detector test would not constitute reversible error. Accordingly, defendant effectively waived the issue by failing to move for disqualification.

Even if the court should have raised the issue of disqualification, *People v Dockery,* 65 Mich App 600, 603; 237 NW2d 575 (1975), is inapplicable since the court, in the instant case, did not impose a polygraph examination upon defendant and then use the results to determine the sentence.

In *People v Towns,* 69 Mich App 475, 477-478; 245 NW2d 97 (1976), this Court said that "a trial

court cannot induce a defendant to take a polygraph test with hints of favorable consideration at sentencing". In the instant case, the court did not ask defendant to take a polygraph exam for sentencing. Accord *People v Hale,* 72 Mich App 484, 486-488; 250 NW2d 103 (1976).

"The mere passing reference or mere mention of a polygraph test does not automatically give rise to prejudice necessitating reversal." *People v Murry,* 108 Mich App 679, 684-685; 310 NW2d 836 (1981). No resentencing is necessary in the case at bar because of the trial court's knowledge that a polygraph exam had been taken.

Defendant also claims that the trial court was prejudiced by hearing defendant's involuntary confession which the court excluded. Even had a motion been made by defendant to disqualify the judge, he would have to show that the judge was prejudiced or biased in fact. The record in the instant case discloses neither. *People v Minier,* 100 Mich App 114, 121; 299 NW2d 383 (1980).

Defendant contends the sentencing was improper because it was based upon defendant's refusal to admit guilt.

A court may not consider a defendant's failure to admit guilt in imposing sentence. *People v Yennoir,* 399 Mich 892 (1977), *reversing* 72 Mich App 35; 248 NW2d 680 (1976). See also *People v Rabb,* 112 Mich App 430; 316 NW2d 446 (1982).

It does not appear that the court, in the instant case, was considering defendant's failure to admit guilt in the imposition of sentence. The court noted that defendant had on occasion admitted

guilt but also that he denied guilt. The court did believe that defendant was guilty. The court's main concern was that defendant could not deal with reality which would be a problem for him in the future. The court did not take into consideration defendant's failure to admit guilt, because in fact he had admitted guilt on other occasions.

In his remaining allegation of error defendant argues that he is entitled to be resentenced because he was not present at an in-chambers conference which dealt with sentencing.

Since defendant has not shown or alleged that he was prejudiced by his absence at this conference, his absence alone does not require resentencing. *People v Pulley,* 411 Mich 523, 531-532; 309 NW2d 170 (1981).

Reversed.