PEOPLE v CARTER

Docket No. 66273. Decided December 21, 1981. On application by the defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, remanded the case to the Wayne Circuit Court for an evidentiary hearing. Rehearing denied *post*, 1119.

Edward J. Carter was convicted in the Wayne Circuit Court, Joseph G. Rashid, J., of malicious destruction of personal property valued at more than $100. On appeal the defendant claimed that the failure of the Thirty-Fifth District Court, Dunbar Davis, J., to advise him of his right to have a lawyer appointed at public expense for the preliminary examination was reversible error. The Court of Appeals, D. C. Riley, P.J., and MacKenzie, J. (N. J. Kaufman, J., dissenting), affirmed on the ground that the error was harmless (Docket No. 45158). The defendant applies for leave to appeal. In a unanimous opinion per curiam, the Supreme Court *held:*

The right to counsel is one of constitutional dimension. The standard to be applied is whether failure to advise the defendant of the right was harmless beyond a reasonable doubt, not merely harmless. A preliminary examination is a critical stage of the proceedings and an indigent accused is entitled to the assistance of an appointed lawyer. Failure to comply with the court rule requiring that the record show that the defendant was informed of his right to have counsel appointed at public expense and that he waived the right was error. The remedy is remand for an evidentiary hearing to determine whether there was prejudice to the defendant caused by the absence of a lawyer at the preliminary examination.

Reversed and remanded to the Wayne Circuit Court for further proceedings.

101 Mich App 529; 300 NW2d 624 (1980) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Derrick A. Carter,* Assistant Defender) for defendant.

PER CURIAM. The question before us is what remedy should be employed after a finding that a defendant was denied his right to counsel at the preliminary examination. We follow the lead of the United States Supreme Court in *Coleman v Alabama,* 399 US 1; 90 S Ct 1999; 26 L Ed 2d 387 (1970).

# I

The defendant was charged with malicious destruction of property valued at more than $100. MCL 750.377a; MSA 28.609(1). He appeared at the preliminary examination without a lawyer, and the judge made the following inquiries:

"*The Court:* You talked with William Anderson in the National Bank Building, is that right?

"*Mr. Carter:* Yes, sir.

"*The Court:* And you don't have a lawyer for this hearing, but you want to go ahead and tell your story?

"*Mr. Carter:* Yes, sir.

"*The Court:* So, you are ready to go ahead. Okay, let's proceed, Mr. Collins [assistant prosecutor].

"You can have a seat, what I mean is there at the defendant's table.

"*Mr. Collins:* If the court would like to make certain on the record that he is waiving an attorney, that he has consulted an attorney—for the purpose of a possible remand on it.

"*The Court:* Well, I will go over some of the things again: Mr. Carter, you have consulted an attorney as you have already said?

"*Mr. Carter:* Is this the last one, or is there a hearing, I come back for sentencing?

"*The Court:* No. This is a felony charge and the matter before this court is a preliminary examination,

where the prosecution has to show that the crime charged was committed and probable cause to believe that you are guilty. If that is shown, the case is bound over to circuit court in Detroit for trial and further proceedings. If this is not made by the prosecution, the case is dismissed. You understand the procedure?

*"Mr. Carter:* Yes, sir.

*"The Court:* Now, as you have already said, you have consulted an attorney?

*"Mr. Carter:* I have talked to him.

*"The Court:* And he has given you the benefit of his advice, and as a result of your talking with Bill Anderson, it was decided you would represent yourself in the proceedings today, is that right?

*"Mr. Carter:* Yes, sir.

*"The Court:* You do not wish to have an attorney here; you want to represent yourself?

*"Mr. Carter:* Yes, sir.

*"The Court:* You waive at this hearing—

*"Mr. Carter:* I understand.

*"The Court:* You may proceed, Mr. Collins."

The preliminary examination then proceeded without defendant being represented by a lawyer. After the bindover to circuit court, the defendant was found indigent; a lawyer was appointed for the circuit court proceedings. When he was convicted, a lawyer was appointed to assist him on appeal. In that appeal, he claimed that the failure of the magistrate to advise him of his right to a court-appointed lawyer at the preliminary examination was reversible error. The Court of Appeals affirmed. 101 Mich App 529; 300 NW2d 624 (1980).

## II

GCR 1963, 785.4(2), in effect at the time of the preliminary examination in this case,[1] provided:

[1] It is now part of GCR 1963, 785.4(3).

"If the defendant is not represented by a lawyer the record must affirmatively show on each occasion that the advice of the right to a lawyer at public expense was given and that defendant waived that right."

There was clear noncompliance with this rule. The Court of Appeals agreed that the magistrate had erred. The majority concluded, however, that the error was harmless. Judge KAUFMAN, in dissent, said:

"I find it impossible to say with certainty that defendant suffered no prejudice by the absence of counsel at the preliminary examination. It is not evident to me that effective cross-examination might not have revealed sufficient deficiencies in complainant's story to have precluded a binding over. Although defendant's attorney did have an opportunity to cross-examine the witness at trial, there is no way of knowing whether vigorous cross-examination at the preliminary examination would have brought out evidence different from that which was presented at trial. Absent a knowing, intelligent and voluntary waiver of counsel by defendant, I am unable to say that the error in the instant case was harmless beyond a reasonable doubt."

The right to counsel is of constitutional dimension.[2] Consequently, the Court of Appeals majority erred in basing its decision on a finding of "harmless error" instead of the standard of "harmless [error] beyond a reasonable doubt" applicable to constitutional error. *Coleman, supra,* 399 US 11; *Chapman v California,* 386 US 18; 87 S Ct 824; 17 L Ed 2d 705 (1967).

In *Coleman,* the United States Supreme Court held that Alabama's preliminary hearing was a critical stage of that state's criminal process which entitled the accused to the assistance of an appointed lawyer:

[2] US Const, Am VI.

"Plainly the guiding hand of counsel at the preliminary hearing is essential to protect the indigent accused against an erroneous or improper prosecution. First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the state's case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the state's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the state has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail." 399 US 9.

The Court did not conclude that the error mandated reversal, however; it remanded so that an inquiry could be made as to the prejudice to the defendant from the absence of a lawyer at the preliminary hearing. The *Chapman* test for harmless error was the standard to be applied. We adopt that remedy here.

In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we remand this case to Wayne Circuit Court for an evidentiary hearing on the prejudice to the defendant. We do not retain jurisdiction.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.