PEOPLE v McKENZIE

Docket No. 54147. Submitted April 8, 1982, at Lansing.—Decided
November 3, 1982.

Brian L. McKenzie was convicted of breaking and entering an
unoccupied dwelling, Cheboygan Circuit Court, Philip J. Glen-
nie, J. The defendant appeals alleging that (1) the trial court
erred in admitting hearsay testimony regarding disposition of
the stolen property, and (2) he was denied a fair trial by the
prosecuting attorney's cross-examination of him regarding his
earlier failure to appear at a scheduled trial date. *Held:*

1. The admission of the hearsay testimony regarding the
disposition of the stolen property constituted error which was
not harmless beyond a reasonable doubt. The police officer's
testimony regarding information contained in a police report
concerning the disposition of the stolen property was prejudi-
cial to the defendant because the source of the information was
not disclosed and the jurors would be inclined to give the
testimony of the accomplice, the only other witness testifying
regarding the disposition of the stolen property, more weight.
The defendant's conviction should be reversed.

2. The Court of Appeals disapproves of the prosecuting attor-
ney's conduct in cross-examining the defendant about the de-
fendant's failure to appear at a scheduled trial date. Whether
the defendant had attended an earlier scheduled trial date was
irrelevant and no indication of his propensity for truthfulness.

Reversed and remanded.

1. EVIDENCE — HEARSAY.

Hearsay is a statement, other than one made by a declarant
while testifying at a trial or hearing, offered to prove the truth
of the matter asserted (MRE 801[c]).

2. LARCENY — EVIDENCE — DISPOSITION OF STOLEN PROPERTY.

Error requiring reversal occurred where in a trial in which a

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 493, 497.
[2] 29 Am Jur 2d, Evidence § 493 *et seq.*
[3] 29 Am Jur 2d, Evidence § 251 *et seq.*

defendant was charged with breaking and entering an unoccupied dwelling with intent to commit larceny a police officer was allowed to testify regarding information contained in a police report concerning the disposition of the stolen property but the source of the information was not disclosed and where an accomplice of the defendant also testified regarding disposition of the stolen property because the jury would be inclined to give the accomplice's testimony more weight, thinking it was independently corroborated by the information in the police report, resulting in prejudice to the defendant.

3. Criminal Law — Impeachment.

It was improper for a prosecuting attorney to impeach the credibility of a criminal defendant who testified on his own behalf by demonstrating on cross-examination that the defendant had failed to appear at an earlier scheduled trial date because whether the defendant had attended an earlier scheduled trial date was irrelevant and no indication of the defendant's propensity for truthfulness (MRE 401).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Michael J. Hackett,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

State Appellate Defender (by *Kim Robert Fawcett),* for defendant on appeal.

Before: M. F. Cavanagh, P.J., and R. M. Maher and K. B. Glaser,* JJ.

Per Curiam. Defendant was convicted by a jury of breaking and entering an unoccupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. He was sentenced to from three to ten years in prison. Defendant appeals as of right.

On appeal, defendant raises several issues, one of which we find dispositive. Defendant claims that the trial court erred in admitting hearsay testi-

* Circuit judge, sitting on the Court of Appeals by assignment.

mony concerning disposition of the stolen property. The key witness against defendant, an accomplice, testified vaguely as to disposition of the stolen property. Thereafter, a police witness testified as to information contained in a report regarding disposition of the property. However, the source of the information was not disclosed. Defendant objected to the proffered testimony.[1] Thus, this issue has been preserved for appeal.

Undoubtedly, the police witness's testimony was hearsay, *i.e.,* it was a statement, other than one made by the declarant while testifying at a trial or hearing, offered to prove the truth of the matter asserted. MRE 801(c). After a careful review of the transcript and given the fact that the jury was never apprised of the source of the information, we cannot conclude that such clearly inadmissible testimony was harmless beyond a reasonable doubt. *People v Carter,* 412 Mich 214, 217; 313 NW2d 896 (1981). Indeed, although the source of the information probably was defendant's accomplice, the jurors might have thought that the police checked his story with others. Undoubtedly, the jurors would be inclined to give the accomplice's testimony more weight thinking it was independently corroborated. Also, it should be emphasized that only the accomplice and the police

---

[1] In the course of persuading the trial court to permit the testimony, the prosecutor made the following argument:

"*[The Prosecutor:]* Your Honor, I believe that it is properly admissible under an exception, and that is a communication among official police channels. I also submit that it is not hearsay because we are not offering it for the truth or veracity of the statement contained therein, but simply for the fact that the statement was made. There is information that was transmitted in a preliminary vein for purposes of the investigation and is not considered hearsay.

"*The Court:* I will overrule the objection and permit the testimony. Go ahead."

Such reflected a misconception of the law on hearsay and firmly established the importance of the testimony to the prosecution's case.

witness testified as to disposition of the property. In such a case, defendant was clearly prejudiced.

Since this case must be reversed and remanded for a new trial, we find it necessary to briefly address one other issue raised by defendant in order to prevent its reoccurrence. Defendant claims that the prosecutor's conduct in cross-examining him about his earlier failure to appear at a scheduled trial date denied him a fair trial. We soundly disapprove of the method adopted by the prosecutor in attempting to impeach the defendant in this manner. Whether the defendant had attended an earlier scheduled trial date was irrelevant and no indication of his propensity for truthfulness. See MRE 401; *People v Chaplin,* 412 Mich 219, 226; 313 NW2d 899 (1981).

Reversed and remanded for a new trial.