# Syllabus

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

PEOPLE v LEWIS

Docket No. 154396. Argued on application for leave to appeal April 13, 2017. Decided July 31, 2017.

Gary P. Lewis was convicted after a jury trial in the Wayne Circuit Court of four counts of third-degree arson, MCL 750.74, and one count of second-degree arson, MCL 750.73(1). The court, Lawrence S. Talon, J., sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 17 to 30 years of imprisonment for each of his convictions. Lewis appealed his convictions as of right in the Court of Appeals, claiming that he was deprived of counsel at his preliminary examination and that this deprivation of counsel at a critical stage of the criminal proceedings against him amounted to a structural error requiring automatic reversal. In an unpublished per curiam opinion issued July 21, 2016, the Court of Appeals, TALBOT, C.J., and MURRAY and SERVITTO, JJ., concluding that automatic reversal was required under binding Michigan cases interpreting *United States v Cronic*, 466 US 648 (1984), vacated Lewis's convictions and remanded the case for a new trial. The Court of Appeals noted, however, that it did not believe reversal was required under a correct interpretation of federal law including *Coleman v Alabama*, 399 US 1 (1970), and that it would have applied a harmless-error test to determine whether reversal was required. The Supreme Court ordered and heard oral argument on whether to grant Lewis's application for leave to appeal or take other action. 500 Mich 918 (2016).

In a unanimous opinion by Justice LARSEN, in lieu of granting leave to appeal, the Supreme Court *held*:

The deprivation of defense counsel at a preliminary examination is subject to harmless-error review.

1. Under the Sixth Amendment of the United States Constitution, a defendant has a right to counsel during critical stages of a criminal prosecution. In this case, the prosecutor conceded that the preliminary examination is a critical stage. With regard to the proper remedy when the right to counsel at a preliminary examination is denied, *Coleman* held that a remand was necessary to determine whether that denial was harmless error, while *Cronic* stated that a trial is unfair if the accused is denied counsel at a critical stage of the trial, requiring automatic reversal. However, that statement in *Cronic*, a case involving an allegation of ineffective assistance of counsel, was dictum, whereas the holding in *Coleman* that the deprivation of counsel at a

preliminary examination is subject to harmless-error review was not. Accordingly, the holding in *Coleman* was binding.

2. In evaluating whether the deprivation of counsel at a preliminary examination was harmless, a court may not simply presume, without more, that the deprivation must have caused the defendant harm, nor may it presume that the error was harmless because of the subsequent conviction, even if no evidence from the preliminary examination was used at trial and the defendant waived no rights or defenses because of the absence of counsel. Given that the parties did not address either the substantive criteria or the procedural framework that should attend this review, the case was remanded to the Court of Appeals to consider those questions in the first instance.

Court of Appeals judgment reversed; Part II of the Court of Appeals opinion vacated; case remanded to the Court of Appeals for further proceedings.

Justice MCCORMACK, joined by Justice BERNSTEIN, concurring, signed the majority opinion in full and agreed that *Coleman* was controlling and binding in this case, but wrote separately to question whether harmless-error review under *Coleman* for cases in which counsel was denied at a preliminary examination was sustainable given the speculative nature of the inquiry, the evolution of and reasoning behind the United States Supreme Court's structural-error doctrine, and the unresolved tension between *Coleman* and *Cronic*.

©2017 State of Michigan

# OPINION

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder

FILED  July 31, 2017

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v                                       No. 154396

GARY PATRICK LEWIS,

        Defendant-Appellee.

BEFORE THE ENTIRE BENCH

LARSEN, J.

This case confronts us with two precedents of the Supreme Court of the United States that initially seem to conflict. In one, the Supreme Court remarked that denial of counsel at a critical stage of a criminal proceeding is a structural error requiring automatic reversal. See *United States v Cronic*, 466 US 648, 659; 104 S Ct 2039; 80 L Ed 2d 657 (1984). In the other, the Court remanded for harmless-error analysis in a case in which it held that a defendant was denied counsel at a critical stage—his preliminary

examination. See *Coleman v Alabama*, 399 US 1, 11; 90 S Ct 1999; 26 L Ed 2d 387 (1970).[1] An error cannot be both structural and subject to harmless-error review. See *Neder v United States*, 527 US 1, 8; 119 S Ct 1827; 144 L Ed 2d 35 (1999).

The defendant in this case was deprived of the right to counsel at his preliminary examination. Believing itself bound by precedent, the Court of Appeals resolved the conflict by holding, in effect, that *Cronic* controlled and granting defendant an automatic new trial. But *Cronic*'s discussion of the general remedy for complete denials of counsel was dictum; while *Coleman* held that the denial of counsel at a preliminary hearing—the very error at issue here—is subject to harmless-error review. When the Supreme Court's holdings and its dicta conflict, we are bound to follow its holdings. Accordingly, we reverse the judgment of the Court of Appeals, vacate Part II of its opinion, and remand the case to the Court of Appeals for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

Before his preliminary examination, defendant, Gary Lewis, had been appointed two lawyers. He was not pleased with either; indeed, the examining court noted that he had filed grievances against each of his previous attorneys. Defendant's most recently appointed attorney was present in the courtroom when defendant appeared for his preliminary examination. At the start of the hearing, the judge asked defendant to state

---

[1] Justice Brennan authored the plurality opinion in *Coleman*. Three other justices joined Justice Brennan's opinion in full, and one additional justice joined Part III of the opinion, which held that harmless error was the appropriate standard of review for a denial of counsel at a preliminary hearing. *Coleman*, 399 US at 10 n 4. Accordingly, Part III of Justice Brennan's opinion will be cited as the opinion of the Court throughout this opinion.

his name for the record. Defendant replied that he was "not talking"; that he didn't have an attorney; that he was being disrespected; that his rights were being violated; and that he was "through with it." The trial judge stated that he understood defendant to have "elected that he would prefer not to have a lawyer represent him" at the preliminary examination. Defendant explicitly disagreed: "I never said that." The court proceeded anyway, with defendant acting pro se, and appointed defendant's former attorney as standby counsel. Despite many warnings, defendant repeatedly disrupted the preliminary examination and was ultimately removed from the courtroom. At that point, the judge relieved standby counsel of his duties, and the prosecution continued with the preliminary examination unopposed. Defendant was bound over for trial.

Defendant was represented by counsel at trial and was convicted by jury of one count of second-degree arson and four counts of third-degree arson. He challenged his convictions in the Court of Appeals, arguing that the deprivation of counsel at his preliminary examination was a structural error requiring automatic reversal. Believing itself bound by precedent, the Court of Appeals agreed, overturned the convictions, and remanded for a new trial. *People v Lewis*, unpublished per curiam opinion of the Court of Appeals, issued July 21, 2016 (Docket No. 325782). The prosecution filed an application for leave to appeal in this Court, and we ordered oral argument on the application. *People v Lewis*, 500 Mich 897 (2016).

3

## II. ANALYSIS

The prosecution concedes that defendant lacked counsel at his preliminary examination[2] and that the preliminary examination is a critical stage for the purposes of the Sixth Amendment right to counsel. US Const, Am VI. The prosecution's concession is unremarkable. In *Coleman v Alabama*, the Supreme Court of the United States held that Alabama's preliminary-hearing procedure was a critical stage. *Coleman*, 399 US 9-10 (opinion by Brennan, J.); *id*. at 12 (Black, J., concurring). Although there are variations in each state's preliminary-examination procedures, this Court has repeatedly commented that defendants have a constitutional right to counsel at preliminary examinations in Michigan. See, e.g., *People v Carter*, 412 Mich 214, 217; 313 NW2d 896 (1981); *People v Mitchell*, 454 Mich 145, 161 n 15; 560 NW2d 600 (1997). This case asks us to consider the remedy when that right to counsel is denied.

Two cases compete for our attention. The prosecution directs us to *Coleman*. In that case, the defendant was denied counsel at his preliminary hearing. The Supreme Court held that the hearing was a critical stage because of the "inability of the indigent accused on his own to realize the[] advantages of a lawyer's assistance" at such a

---

[2] The prosecution also concedes that the examining court did not comply with the procedures set forth in MCR 6.005 or *People v Anderson*, 398 Mich 361, 367-368; 247 NW2d 857 (1976), citing *Faretta v California*, 422 US 806; 95 S Ct 2525; 45 L Ed 2d 562 (1975), for establishing an unequivocal waiver of the right to counsel. The prosecution does, however, raise two preliminary arguments related to defendant's ability to bring his denial-of-counsel claim. First, the prosecution argues that defendant did not preserve his claim because he did not raise in the circuit court his lack of counsel at the preliminary examination. The prosecution also argues that defendant's behavior in refusing to cooperate with his attorneys could be construed as a waiver of his right to counsel. We do not entertain these arguments, however, because they were not presented to the Court of Appeals.

proceeding.[3]  *Coleman*, 399 US at 9-10 (opinion by Brennan, J.); *id.* at 12 (Black, J., concurring) (agreeing that "the preliminary hearing is a 'critical stage' ").  A majority of the Court determined that the proper remedy was to remand the case to the Alabama courts to consider "whether the denial of counsel at the preliminary hearing was harmless error." *Id.* at 11, citing *Chapman v California*, 386 US 18; 87 S Ct 824; 17 L Ed 2d 705 (1967).

Defendant points to *United States v Cronic*.  There, the Court remarked that some "circumstances . . . are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Cronic*, 466 US at 658.  The Court began with the "most obvious" of these circumstances—"complete denial of counsel"—and commented that "a trial is unfair if the accused is denied counsel at a critical stage of his trial." *Id.* at 659.

*Coleman*'s review for harmless error is obviously incompatible with the automatic reversal suggested by *Cronic*.  Defendant asks us to hold, therefore, that *Cronic* silently abrogated *Coleman* and to automatically reverse his conviction.  We decline to do so.

It is an elementary proposition that "state courts are bound by United States Supreme Court decisions construing federal law," including the Constitution. *People v Gillam*, 479 Mich 253, 261; 734 NW2d 585 (2007).  But when two statements conflict,

---

[3] These advantages, as articulated by the plurality in *Coleman*, include "expos[ing] fatal weaknesses in the State's case," cross-examining witnesses to generate potential impeachment evidence for use at trial, gaining discovery of the prosecution's case, and making arguments related to bail and psychiatric examinations. *Coleman*, 399 US at 9 (opinion by Brennan, J.).

we must prefer a holding of the Supreme Court to its dictum.  See *Agostini v Felton*, 521 US 203, 237; 117 S Ct 1997; 138 L Ed 2d 391 (1997).

*Cronic* was a case about the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution.  The defendant was on trial in a mail-fraud case involving $9.4 million in transferred checks.  *Cronic*, 466 US at 649.  His retained counsel had withdrawn shortly before the scheduled trial and a young lawyer with a real-estate practice, and no criminal-trial experience, had been appointed to represent the defendant.  *Id*.  The Government's investigation had taken more than four years, but defense counsel was given only 25 days to prepare for trial.  *Id*.  The defendant challenged his conviction on the ground that, under the circumstances, he had been deprived of the effective assistance of counsel.  The United States Court of Appeals for the Tenth Circuit agreed.  *United States v Cronic*, 675 F2d 1126 (CA 10, 1982).  Even though the defendant could not point to any specific errors in his counsel's performance, or prejudice flowing therefrom, the federal appellate court held that "no such showing is necessary 'when circumstances hamper a given lawyer's preparation of a defendant's case.' "  *Cronic*, 466 US at 651.  The Supreme Court reversed, holding that the defendant could "make out a claim of ineffective assistance only by pointing to specific errors made by trial counsel."  *Id*. at 666.

Along the way, the Court's opinion in *Cronic* contrasted claims of ineffective assistance with other errors "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified."  *Id*. at 658.  It deemed "[m]ost obvious" among them "the complete denial of counsel . . . at a critical stage of his trial."  *Id*. at 659.  But the question in *Cronic* was not whether the defendant had been denied counsel

6

completely, much less whether he had been completely denied counsel at a preliminary hearing. It was, instead, whether his counsel had provided effective assistance at trial. And so the Court's statements about the complete denial of counsel were dicta.[4]

The *Coleman* decision, by contrast, is directly on point. Although it is short on explanation for its remedy, the Court plainly held that the deprivation of counsel at a preliminary examination is subject to harmless-error review under the federal Constitution. See *Coleman*, 399 US at 11. Accordingly, we apply that decision, rather than the dictum in *Cronic*.[5]

We note that our resolution is consistent with that of other courts which have examined the tension between *Coleman* and *Cronic*. See, e.g., *Takacs v Engle*, 768 F2d 122, 124 (CA 6, 1985) (holding that "*Coleman's* harmless error analysis remains good law" despite the defendant's argument that it had been overruled by *Cronic* and *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984)); *State v*

---

[4] The same rationale applies to the Court of Appeals' reliance on *People v Arnold*, 477 Mich 852; 720 NW2d 740 (2006), and to our statement in *People v Russell*, 471 Mich 182, 194 n 29; 684 NW2d 745 (2004), that "[t]he complete denial of counsel at a critical stage of a criminal proceeding is a structural error that renders the result unreliable, thus requiring automatic reversal." *Arnold* was a sentencing case, and *Russell* addressed the denial of counsel at trial. As such, they are not binding in this case, which involves a preliminary examination. Nothing in those cases purported to rest on unique aspects of the Michigan, as opposed to the federal, Constitution. Accordingly, neither *Arnold* nor *Russell* could have held that the complete denial of counsel at *any* critical stage of a criminal proceeding is structural error requiring automatic reversal, when the Supreme Court of the United States has held otherwise.

[5] Because *Cronic*'s dictum could not have overruled *Coleman*'s holding, we need not address the prosecution's argument that *Satterwhite v Texas*, 486 US 249; 108 S Ct 1792; 100 L Ed 2d 284 (1988), implicitly overruled *Cronic*.

7

*Brown*, 279 Conn 493, 507 n 5; 903 A2d 169 (2006) ("We note that, since *Coleman*, the United States Supreme Court has indicated in dicta that denial of counsel at a critical stage renders a trial unfair, without regard to actual prejudice. . . . At no point, however, has the [C]ourt overruled explicitly *Coleman* or repudiated its conclusion that the case should be remanded for harmless error analysis, despite the denial of counsel at the preliminary hearing."). And our resolution is also consistent with the Supreme Court's admonition that other courts should not conclude that the Court's "more recent cases have, by implication, overruled an earlier precedent" but should instead leave to the Supreme Court "the prerogative of overruling its own decisions."[6] *Agostini*, 521 US at 237. Defendant has not argued that the state Constitution, Const 1963, art 1, § 20, provides him with any greater protection than the federal Constitution, US Const, Am VI.[7] Defendant's claim of error is, therefore, subject to harmless-error review.

While we have easily concluded that harmless-error review applies, we admit to being uncertain about just how a court is to evaluate the effect of this error on a verdict. *Coleman* does not tell us; there, the Supreme Court simply remanded to the Supreme Court of Alabama to review the effect of the error under *Chapman* without further

---

[6] We have recently emphasized that a similar rule governs our own lower courts. See *Associated Builders & Contractors v Lansing*, 499 Mich 177, 191-192; 880 NW2d 765 (2016).

[7] Defendant has argued that a ruling that this error is subject to harmless-error review would set a "dangerous precedent" encouraging trial courts to subject defendants to preliminary examinations without counsel. We emphasize that the courts of our State remain under an obligation to protect a defendant's right to counsel at the preliminary-hearing stage. Should they fail, trial counsel should bring the error to the circuit court's attention before trial so that it may be promptly remedied.

discussion. We do, however, have some guideposts. At each extreme, we know what is not permitted. At one end, a court may not simply presume, without more, that the deprivation of counsel at a preliminary examination must have caused the defendant harm. Although consistent with the presumption accorded to the complete denial of counsel at some other stages of a criminal proceeding, see, e.g, *Gideon v Wainwright*, 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963) (at trial); *Penson v Ohio*, 488 US 75; 109 S Ct 346; 102 L Ed 2d 300 (1988) (on first appeal as of right), such an approach would be treating the error as structural—a result foreclosed by *Coleman*. Neither, however, may we presume the opposite. Although it finds support by analogy in the Supreme Court's post-verdict evaluation of most grand-jury errors, see *United States v Mechanik*, 475 US 66, 73; 106 S Ct 938; 89 L Ed 2d 50 (1986), *Coleman* does not permit us to presume that a defendant, who was ultimately convicted at an otherwise fair trial, suffered no harm from the absence of counsel at his preliminary examination. And that is true even if no evidence from the preliminary examination was used at trial, and even if defendant waived no rights or defenses because of the absence of counsel at the preliminary examination. All of these things were true, and brought to the Court's attention,[8] in Mr.

---

[8] The lead opinion itself acknowledged the first two points. See *Coleman*, 399 US at 10 ("The trial transcript indicates that the prohibition against use by the State at trial of anything that occurred at the preliminary hearing was scrupulously observed."); *id*. at 8 (opinion by Brennan, J.) (" 'At the preliminary hearing . . . the accused is not required to advance any defenses, and failure to do so does not preclude him from availing himself of every defense he may have upon the trial of the case.' ") (citation omitted; ellipsis in original). And the Court was obviously aware that defendant had been convicted at trial. See *id*. at 18 (White, J., concurring) ("The possibility that counsel would have detected preclusive flaws in the State's probable-cause showing is for all practical purposes mooted by the trial where the State produced evidence satisfying the jury of the petitioners' guilt beyond a reasonable doubt."); *id*. at 28 (Stewart, J., dissenting) ("Since

Coleman's case, and yet the Supreme Court remanded his case for a determination, under *Chapman*, whether the deprivation of counsel at his preliminary examination was harmless. See *Coleman*, 399 US at 10 (remanding for harmless-error determination even though the "prohibition against use by the State at trial of anything that occurred at the preliminary hearing was scrupulously observed" and no rights or defenses were lost).[9]

And so, with the two perhaps most intuitive options for assessing harm off the table, courts are left to give meaning to the Supreme Court's command to determine whether defendant was "otherwise prejudiced by the absence of counsel at the preliminary hearing." *Coleman*, 399 US at 11. The parties have not addressed in this litigation either the substantive criteria or the procedural framework that should attend such review. Accordingly, we remand to the Court of Appeals to consider those questions in the first instance.

---

the petitioners have now been found by a jury in a constitutional trial to be guilty beyond a reasonable doubt, the prevailing opinion understandably boggles at these logical consequences of the reasoning therein.").

[9] The Court of Appeals, believing itself bound by precedent, held that defendant was automatically entitled to a new trial because he was denied counsel at a critical stage of the proceeding. *Lewis*, unpub op at 3. The opinion proceeded, however, to set forth the panel's view that, under a proper interpretation of the law, the denial of counsel in this case should be evaluated for harmlessness. *Id*. at 3-5. It then conducted that evaluation and concluded, in dictum, that the error was harmless because "defense counsel conceded that no evidence from the preliminary exam was used at trial," defendant "did not waive any rights or defenses by not participating in the preliminary exam," and defendant was tried and convicted, with counsel, at trial. *Id*. at 5. For the reasons stated above, these findings, by themselves, were insufficient to compel the conclusion that the denial of counsel was harmless.

10

## III. CONCLUSION

In accordance with *Coleman*, we hold that the deprivation of counsel at a preliminary examination is subject to harmless-error review. We, therefore, reverse the judgment of the Court of Appeals, vacate Part II of its opinion, and remand to that Court for further proceedings consistent with this opinion. If the Court of Appeals concludes that the error was harmless, it must also address the sentencing issue raised in defendant's brief in that Court.[10]

Joan L. Larsen
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder

---

[10] Defendant has filed an application for leave to appeal as cross-appellant. That application is denied, because we are not persuaded that the questions presented should be reviewed by this Court.

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellant,

v                                    No. 154396

GARY PARTICK LEWIS,

       Defendant-Appellee.

_____

MCCORMACK, J. (*concurring*).

I agree with the majority that we are bound to follow *Coleman v Alabama*, 399 US 1; 90 S Ct 1999; 26 L Ed 2d 387 (1970), because it is directly on point and has never been overruled. I write separately to call attention to the difficulties inherent in performing a harmless-error review in cases such as this and, relatedly, to the possibility that the United States Supreme Court should reexamine *Coleman* in light of *United States v Cronic*, 466 US 648; 104 S Ct 2039; 80 L Ed 2d 657 (1984).

It is difficult for me to imagine what a harmless-error review will look like when, as in this case, a defendant was denied counsel at the preliminary examination. As the majority recognizes, *Coleman* excluded the most intuitive bases for finding prejudicial harm because it made plain that the question of harmless error does not depend on whether evidence from the preliminary hearing was presented at trial, and *Coleman* remanded for a harmless-error determination even though the defendants waived no rights or defenses because of the absence of counsel. *Coleman*, 399 US at 8, 10-11. Further, *Coleman* remanded for harmless-error review with little guidance; the court was

to determine whether the defendants were "otherwise prejudiced" by the deprivation of counsel at the preliminary hearing. *Id*. at 11.

There are, of course, many ways that the absence of counsel at a preliminary hearing might be harmful to a defendant apart from counsel's role in negating a showing of probable cause. Indeed, the *Coleman* Court identified many of these: counsel uses a preliminary hearing to expose weaknesses in the prosecution's case through cross-examination, lays the grounds for later impeachment at trial, effectively discovers the prosecution's case, and makes arguments related to bail or psychiatric examinations.[1] *Id*. at 9. I can think of others, too: the preliminary examination is often a critical client-counseling moment when plea deals can be negotiated, and additional formal and informal communications between defense counsel, the prosecutor, and the court give the defendant important information about the evidence against him or her. But I find it extremely problematic for a court to conduct a harmless-error review with reference to these factors. It will require courts to speculate whether counsel would have discovered a significant weakness in the prosecution's case through cross-examination, or how effectively counsel might have been able to lay the grounds for later impeachment of a witness at trial, and what other information might have been revealed in the examination of witnesses or discussions among counsel. It will require courts to speculate about the

---

[1] Other jurisdictions have referred to these four factors in their determination of harmless error. See, e.g., *State v Canaday*, 117 Ariz 572, 575-576; 574 P2d 60 (1977) (examining harmless error based on the purposes of a preliminary hearing delineated in *Coleman*); *State v Brown*, 279 Conn 493, 510; 903 A2d 169 (2006) (stating that deprivation of counsel at a probable-cause hearing is susceptible to harmless-error analysis through examination of the functions of a preliminary hearing listed in *Coleman*).

opportunities for negotiating a plea deal and counsel's advice about whether to accept a particular offer. And the speculation won't end there: next, courts will have to speculate about what result this hypothetical representation at the preliminary examination might have had at a subsequent trial.[2] In short, I am concerned that harmless-error review in cases such as this invites a potentially problematic level of speculation into judicial review.

All of this gives me reason to question whether *Coleman*'s holding remains viable in light of the evolution of the Supreme Court's structural-error doctrine. I agree with the majority that *Cronic*'s comment suggesting that courts should presume prejudice and automatically reverse upon complete denial of counsel at a critical stage was dictum. The issue addressed in *Cronic* was whether the defendant received effective assistance of counsel, not whether the defendant was denied counsel at a critical stage. But several subsequent cases have cited *Cronic* for the proposition that courts should presume prejudice if a defendant suffers complete denial of counsel at a critical stage. See, e.g., *Roe v Flores-Ortega*, 528 US 470, 483; 120 S Ct 1029; 145 L Ed 2d 985 (2000); *Mickens v Taylor*, 535 US 162, 166; 122 S Ct 1237; 152 L Ed 2d 291 (2002); *Woods v Donald*, 575 US ___, ___; 135 S Ct 1372, 1375-1376; 191 L Ed 2d 464 (2015). Indeed, in *Woods*, 575 US at ___; 135 S Ct 1375-1376, the Supreme Court reiterated the *Cronic*

---

[2] In determining what counsel might have accomplished had he or she been present at this hearing, is the reviewing court to assume that the preliminary-examination counsel would have been about as effective as trial counsel? Or more effective because counsel might have an incentive to work especially diligently at a preliminary exam because that work could pay off with a better and earlier resolution of the case? Or perhaps the reviewing court should assume counsel was simply minimally constitutionally competent?

dictum as a holding that the complete denial of counsel at a critical stage allows a presumption of unconstitutional prejudice. And the preliminary examination is a critical stage in criminal proceedings. *Coleman*, 399 US at 9. Thus, it seems *Cronic*'s reasoning would apply with equal force to a preliminary examination, but for *Coleman*'s holding to the contrary.

Further, the reasoning that animates the Court's structural-error jurisprudence seems to apply with full force in the context of a preliminary examination. The common strand I see in the Court's rationale for declaring an error structural and presuming prejudice requiring reversal is that the particular error makes assessing its effect exceptionally difficult. *United States v Marcus*, 560 US 258, 263; 130 S Ct 2159; 176 L Ed 2d 1012 (2010). Structural errors are characterized by "consequences that are necessarily unquantifiable and indeterminate . . . ." *Sullivan v Louisiana*, 508 US 275, 282; 113 S Ct 2078, 124 L Ed 2d 182 (1993). As explained above, that rationale seems on the nose here. Harmless-error review is impractical because of the difficulty in determining what might have gone differently if the defendant had the benefit of counsel at the preliminary examination. It is impossible to know with certainty what questions counsel might have posed and what answers witnesses might have provided, what other benefits the defendant might have derived from having counsel available, and how all of those considerations would have affected the subsequent trial. In my view, harmless-error analysis in cases in which counsel was denied at the preliminary examination risks becoming a "speculative inquiry into what might have occurred in an alternate universe." *United States v Gonzalez-Lopez*, 548 US 140, 150; 126 S Ct 2557; 165 L Ed 2d 409 (2006).

The development of the Supreme Court's structural-error doctrine, the reasoning that explains it, and the unresolved tension between *Cronic* and *Coleman*[3] make me question whether the *Coleman* harmless-error review remains a sustainable rule when a defendant is denied counsel at a preliminary examination. Nevertheless, *Coleman* is directly on point and has never been overruled, while the rule of *Cronic* has never been applied to denial of counsel at a preliminary examination. Therefore, I agree with the majority that *Coleman* is controlling, and we are bound to follow its holding.

Bridget M. McCormack
Richard H. Bernstein

---

[3] Compare *Ditch v Grace*, 479 F3d 249, 255-256 (CA 3, 2001) (reconciling *Coleman* and *Cronic* by reading *Cronic* in a limited fashion), with *French v Jones*, 332 F3d 430, 438 (CA 6, 2003) (stating that caselaw after *Cronic* has reiterated that harmless-error analysis does not apply to the absence of counsel at a critical stage, which requires automatic reversal).